IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE HOWARD FERGUSON,** ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| **OFFICER RAYMOND LEWIS** ) | |
| **GAINES, OFFICER QUINCY** ) | **JURY TRIAL DEMANDED** |
| **JONES, WARDEN GWENDOLYN** ) | |
| **GIVENS, WARDEN PHYLLIS** ) | |
| **MORGAN, and WARDEN VENCINI** ) | |
| **SMITH,** ) | |
| ) | |
|   Defendants. ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Willie Howard Ferguson, by and through the undersigned counsel, and alleges the following:

## PRELIMINARY STATEMENT

At all times relevant to this action, Plaintiff, Willie Howard Ferguson, was in the custody of the Alabama Department of Corrections ("ADOC"), being housed at William E. Donaldson Correctional Facility in Bessemer, Alabama. On February 28, 2022, Mr. Ferguson was unlawfully, excessively, and brutally attacked and beaten by Officers Raymond Gaines and Quincy Jones while under the watch of Wardens Gwendolyn Givens, Phyllis Morgan, and Vencini Smith. This civil action seeks redress for the violation of Plaintiff's constitutional right to be free from cruel and

1

unusual punishment as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

## PARTIES

1. **Willie Howard Ferguson ("Plaintiff" or "Mr. Ferguson")** is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Mr. Ferguson was in the custody of the ADOC, housed at William E. Donaldson Correctional Facility ("Donaldson"). Mr. Ferguson is currently housed at Limestone Correctional Facility in Harvest, Alabama.

2. **Defendant Raymond Lewis Gaines ("Defendant Gaines")** is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant Gaines was employed as a Correctional Officer at Donaldson. As an ADOC Correctional Officer, Defendant Gaines was responsible for supervising inmate safety, among other things. At all times relevant to this action, Defendant Gaines acted under the color of law and in the scope of his employment. Defendant Gaines is being sued in his individual and official capacities.

3. **Defendant Quincy Jones ("Defendant Jones")** is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant Jones was employed as a Correctional

Officer at Donaldson. As an ADOC Correctional Officer, Defendant Jones was responsible for supervising inmate safety, among other things. At all times relevant to this action, Defenant Jones acted under the color of law and in the scope of his employment. Defendant Jones is being sued in his individual and official capacities.

4. **Defendant Gwendolyn Givens ("Defendant Givens")** is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant Givens was employed as Correctional Warden III at Donaldson. As Correctional Warden III, Defendant Givens was responsible for the operation, control, and safety at Donaldson. At all times relevant to this action, Defendant Givens acted under the color of state law and in the scope of her employment. After being placed on administrative leave in May of 2022, Defendant Givens retired. Defendant Givens is being sued in her individual and official capacities.

5. **Defendant Phyllis Morgan ("Defendant Morgan")** is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant Morgan was employed as Correctional Warden II at Donaldson. As Correctional Warden II, Defendant Morgan was responsible for the operation, control, and safety at Donaldson. At all times relevant to this action, Defendant Morgan acted under the color of state

law and in the scope of her employment. Defendant Morgan has currently been promoted to Correctional Warden III at Donaldson. Defendant Morgan is being sued in her individual and official capacities.

6. **Defendant Vencini Smith ("Defendant Smith")** is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant Smith was employed as Correctional Warden I at Donaldson. As Correctional Warden I, Defendant Smith was responsible for the operation, control, and safety at Donaldson. At all times relevant to this action, Defendant Smith acted under the color of state law and in the scope of his employment. Defenant Smith has currently been promoted to Correctional Warden II at Donaldson. Defendant Smith is being sued in his individual and official capacities.

7. Defendant Wardens throughout this Complaint refer to Defendants Givens, Morgan, and Smith.

8. As set forth in more detail below, Defendant Wardens actions and omissions to act created or perpetuated an unsafe environment at Donaldson. Further, the constitutional violations and other injuries alleged herein were proximately caused by a pattern and practice of misconduct at Donaldson, which occurred with the consent of Defendant Wardens, who personally knew about, facilitated, approved, and/or condoned this pattern and practice of misconduct. At the very

4

least, Defendant Wardens recklessly caused the alleged deprivation of Plaintiff's rights by their deliberate indifference and failures to act.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action seeks redress for a violation of Plaintiff's Eighth and Fourteenth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

I.   **The Assault of Plaintiff.**

12. On or about February 28, 2022, Plaintiff was an inmate at Donaldson Correctional Facility.

13. Plaintiff requested to be moved to another facility out of fear for his safety at Donaldson.

5

14. Defendants Gaines and Jones were upset because Plaintiff strongly advocated that he be moved.

15. As a result, Defendants Gaines and Jones unlawfully, brutally, and severely beat Plaintiff. Camera footage from the facility will corroborate that Defendants repeatedly punched and kicked Plaintiff.

16. Plaintiff experienced severe injuries, including, but not limited to a broken nose and fractured ribs.

17. In retaliation after the assault, Plaintiff was placed in a crisis cell for two weeks. Plaintiff was not given a mattress or any items needed to humanely survive in the cell. He was only given a green gown.

18. Upon information and belief, Defendant Gaines continued to work where Plaintiff was being housed and taunted and tortured him during this time.

19. For example, Defendant Gaines would not give Plaintiff his food tray, depriving him of food altogether.

20. Such deprivations continued until Plaintiff's wife continuously and repeatedly notified Defendant Smith that Plaintiff was being deprived of food – a basic necessity of survival.

II.  **Defendant Gaines's Criminal Charges.**

21. On December 9, 2022, a grand jury indicted Defendant Gaines for the assault of Plaintiff.

22. According to the indictment, "RAYMOND LEWIS GAINES. . .did on or about February 28, 2022, cause physical injury to WILLIE HOWARD FERGUSON by punching and kicking him, in violation of Section 13A-6-22 of the Code of Alabama. . .."

23. A warrant was issued for Defendant Gaines's arrest in March of 2023. He was subsequently booked into the Jefferson County Jail and has since bonded out.

24. Defendant Gaines's criminal case is set for a plea on May 16, 2024.[1]

## III. Defendant Gaines's History of Violence at Donaldson.[2]

25. During his employment at Donaldson, Defendant Gaines was the subject of numerous excessive force lawsuits.

26. In fact, Defendant Gaines had a reputation at Donaldson for beating inmates and violating their constitutional rights.

27. For example, on August 25, 2013, Julio Marquez alleged that Defendant Gaines brutally attacked him. Defendant Gaines hit Marquez in his head, rushed him to the ground, kicked him in his ribs, and struck him across the face with a baton.

28. On April 12, 2017, Terry Carstarphen alleged that Defendant Gaines, amongst other officers, beat, kicked, and stomped him after he was struck with a metal

[1] *See State of Alabama v. Gaines Raymond Lewis*; CC-2022-000237.00.

[2] Defendant Gaines's propensity for violence was evident in both his personal and professional life. In 2009, he was charged with third degree domestic violence.

baton and sprayed with a chemical irritant by another officer. Carstarphen was unarmed, did not resist, or did not disobey instructions.

29. On July 5, 2018, Adrian Dunning alleged that Defendant Gaines, amongst other officers, beat with him their feet, fist, and batons. Mr. Dunning was beaten so severely that he had to be transported via EMS to UAB Hospital. He had surgery on his arm, hand, and leg.

30. On or around July 3, 2019, James Broadhead alleged that Defendant Gaines, amongst other officers, "kicked him again and again" in his testicles while he was on the ground and posed no threat of harm to the officers.

31. On December 27, 2019, Frankie Johnson alleged that he was stabbed at least nine times and attacked by more than a dozen inmates while Defendant Gaines, amongst other officers, failed to protect him.

32. On June 16, 2021, in a second excessive force incident at the hands of Defendant Gaines, Julio Marquez alleged that Defendant Gaines sprayed him in his left eye with a chemical irritant when he demanded a mop to clean up the water that had flooded his cell.

33. These incidents, although not exhaustive, provided notice that Defendant Gaines posed a credible threat of harm to inmates at Donaldson.

**IV.   Defendant Wardens' Deliberate Indifference and Widespread Practice of Failing to Discipline Officers Who Unlawfully Assaulted Inmates at Donaldson.**

34. To establish deliberate indifference, "plaintiffs must show that defendants had subjective knowledge of the harm or risk of harm, and disregarded it or failed to act reasonably to alleviate it."[3] The defendant's subjective knowledge of such risk "can be determined based on circumstantial evidence, including the very fact that the risk was obvious."[4] If such a risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about, such evidence permits a trier of fact to conclude that the officials had actual knowledge of the risk."[5]

35. Upon information and belief, Defendant Givens was the Warden at Donaldson from the beginning until mid-2020. She returned to her position as Warden in October of 2020. She left the prison and returned around September of 2021 until her retirement in 2022.

36. Upon information and belief, Defendants Morgan and Smith have been Wardens

---

[3] See *Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1250 (M. D. Ala. 2017) (quoting *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010)).

[4] *Id.* at 1251. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (internal quotations omitted).

[5] *Id.*

at Donaldson from February of 2021 until the present.

37. Under the reign of the Warden Defendants, Donaldson has been plagued with widespread, rampant, flagrant, and obvious unconstitutional uses of force at the hands of correctional officers.[6]

38. For example, in October of 2019, Steven Davis, an inmate at Donaldson, was sprayed with a chemical irritant, administered "palm-heel stokes" to his head, and reputedly struck after he was disarmed and posed no threat to any officer. The level of force caused multiple fractures to the inmate's skull, including near his nose, both eye sockets, left ear, left cheekbone, and the base of his skull. An autopsy report listed 16 separate injuries to the inmate's head and neck, including multiple fractured ribs bleeding around his kidney.

39. In June of 2020, Darnell McMillian died in a suicide watch cell after a lieutenant sprayed "a large volume" of chemical irritant into the cell.

40. On November 29, 2021, an inmate identified as D.H. was sprayed with a chemical irritant multiple times, struck with a can of chemical irritant, and struck by Lieutenant Mohammad Jenkins.

41. Around February 22, 2022, Victor Russo was repeatedly struck in the head and

---

[6] *See* United States Department of Justice Civil Rights Division Investigation of Alabama's State Prisons for Men (July 23, 2020). Report can be found here: chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.justice.gov/crt/case-document/file/1297031/download.

sprayed in the head and mouth with a chemical irritant by Lieutenant Mohammad Jenkins while he was handcuffed to a bench. Mr. Russo was taken to restrictive housing and found unresponsive in his cell front blunt force head trauma. Mr. Russo was pronounced dead at UAB Hospital on February 25, 2022.

42. These few examples, although not exhaustive of the frequent uses of force at Donaldson, put the Warden Defendants on notice that officers customarily used excessive force on inmates who were disarmed, unarmed, and/or posed no threat of harm to officers.

43. Defendant Wardens, in the exercise of reasonable care, knew or should have known that more training and supervision was necessary to prevent continued uses of constitutional force at the hands of officers.

44. Despite being put on notice that Donaldson officers had a propensity for violence on inmates, especially Defendant Gaines, Defendant Wardens failed to take any corrective action to remedy and address the uses of unconstitutional force.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE

45. Plaintiff adopts and re-alleges paragraphs 1-3, 9, and 11-24 of this Complaint as if fully set forth herein.

46. This Count applies to Defendants Gaines and Jones.

47. As Correctional Officers employed at Donaldson, Defendants Gaines and Jones had a duty to ensure the safety and well-being of the inmates housed at the prison.

48. As spelled out more fully above, Defendants Gaines and Jones used unnecessary, excessive, and unlawful force against Plaintiff when they repeatedly punched and kicked him with no justification for doing so. At all times before and during the attack, Plaintiff was unarmed and posed no threat of harm to any person.

49. Such force described above was unreasonable and excessive in light of the facts and circumstances present at the time the force was used.

50. Defendants intentionally used extreme and excessive cruelty toward Plaintiff for the very purpose of causing him harm.

51. As a result of Defendants' unjustified and unconstitutional use of force, Plaintiff sustained severe injuries to his person, including, but not limited to, a broken nose and fractured ribs.

52. The force exercised by Defendants amounted to a clear violation of Plaintiff's constitutionally protected right to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

**COUNT II: VIOLATION OF 42 U.S.C. § 1983 – DELIBERATE INDIFFERENCE**

53. Plaintiff adopts and re-alleges paragraphs 1, 4-9, and 11-44 of this Complaint as if fully set forth herein.

54. This Count applies to Defendant Wardens.

55. As spelled out more fully above, Defendant Wardens knew or should have known that inmates at Donaldson were at a substantial risk of serious harm and/or death at the hands of officers employed at the prison. On various occasions during their tenure as Wardens, inmates were routinely subjected to unlawful and excessive uses of force.

56. Defendant Wardens knew or should have known, in the exercise of reasonable care, that they could have reduced the repeated unlawful and excessive force by disciplining officers who routinely assaulted inmates.

57. Defendant Wardens recklessly disregarded the risk of serious harm when each of them failed to discipline officers, like Defendant Gaines, who had a history and reputation of violence.

58. As a direct and proximate result of Defendant Wardens' malice, reckless indifference and/or deliberate indifference to inmate safety, including that of Plaintiff, Plaintiff sustained substantial physical injuries, including a broken nose and fractured ribs.

### COUNT III: VIOLATION OF 42 U.S.C. § 1983 – SUPERVISORY LIABILITY

59. Plaintiff adopts and re-alleges paragraphs 1, 4-9, 11-20, and 25-44 of this Complaint as if fully set forth herein.

60. This Count applies to Defendant Wardens.

61. As Wardens at Donaldson at the time of the incident, Defendants were responsible for the daily operations and control of the facility – including that of inmate safety.

62. Defendant Wardens knew or should have known of the history of widespread abuse at Donaldson and failed to take any corrective action to minimize such unconstitutional uses of force.

63. Defendant Wardens' failure to properly address and remedy the widespread uses of unconstitutional force ratified the conduct and explicitly signaled to officers that their conduct was both tolerated and condoned at Donaldson.

64. As a direct and proximate result of Defendant Wardens' malice, reckless indifference and/or deliberate indifference to inmate safety, including that of Plaintiff, Plaintiff sustained substantial physical injuries, including a broken nose and fractured ribs.

### COUNT IV: VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO PROTECT

65. Plaintiff adopts and re-alleges paragraphs 1, 4-9, 11-20, and 25-44 of this Complaint as if fully set forth herein.

66. This Count applies to Defendant Wardens.

67. Pursuant to the Eighth Amendment of the United States Constitution, Plaintiff is entitled to be free from a substantial risk of serious harm while in the custody of the state.

68. A constitutional duty of care arises when an individual's liberty has been restrained through the state's affirmative exercise of power over him, rendering him unable to care for himself.

69. Defendant Wardens, acting individually and in concert with each other, failed to protect Plaintiff.

70. Defendant Wardens knew or should have known that Plaintiff would have been injured at the hands of officers at Donaldson, while under their watch.

71. Defendants knew that the Constitution required them to take reasonable measures to ensure inmate safety and well-being. Despite this affirmative duty to act, Defendants did nothing to address and remedy the widespread practice of unconstitutionally beating inmates, who were unarmed and posed no threat of harm to officers, that was rampant at Donaldson.

72. Additionally, Defendants did nothing to discipline officers, like Defendant Gaines, who had a history and reputation of beating inmates. Instead, Defendants retained the employment of officers, like Defendant Gaines, thereby ratifying the conduct.

73. As a direct and proximate result of Defendant Wardens' malice, reckless indifference and/or deliberate indifference to inmate safety, including that of Plaintiff, Plaintiff sustained substantial physical injuries, including a broken nose and fractured ribs.

## STATE CLAIMS

## COUNT V: ASSAULT AND BATTERY

74. Plaintiff adopts and re-alleges paragraphs 1-3 and 9-24 of this Complaint as if fully set forth herein.

75. This Count applies to Defendants Gaines and Jones.

76. Defendants sadistically and maliciously assaulted Plaintiff by willfully and intentionally inflicting serious harm to his person when they repeatedly punched and kicked him.

77. At no time before or during the attack was Plaintiff armed or pose a threat of harm to either officer.

78. Defendants knew or should have known that their actions were known to carry severe medical risks, but they wholly disregarded such risks.

79. As a result of Defendant's assault and battery, Plaintiff sustained substantial physical injuries, including a broken nose and fractured ribs.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants for the following relief:

    a. Compensatory damages, jointly and severally, for emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life,

16

and special damages in an amount to be determined by a jury;

b. Nominal damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988; and

e. All other and further monetary and/or equitable relief as this Honorable court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted this 28th day of February 2024.

/s/ *Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Kristen E. Gochett

**OF COUNSEL:**
**Maxwell & Tillman**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Email: maxwell@mxlawfirm.com
         kgochett@mxlawfirm.com

## **DEFENDANTS SERVED VIA CERTIFIED MAIL AND/OR PROCESS SERVER:**

**Raymond Lewis Gaines**
1333 4th Avenue
Pleasant Grove, Alabama 35127-2620

**Quincy Jones**
Served via process server

**Gwendolyn Givens**
2347 Young Farm Place
Montgomery, Alabama 36106

**Phyllis Morgan**
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023-7299

**Vencini Smith**
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023-7299

*/s/ Leroy Maxwell, Jr.*
OF COUNSEL